# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7393 | **DATE** | 8/23/2002 |
| **CASE TITLE** | Anthony Harper vs. Larry Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Therefore, because we conclude that the time expenditures as reported are reasonable, this Court requires no further itemization. As such, we will grant Harper's motion for final judgment and attorney's fees in the amount of $3,450.95; $3,091.48 for the previous time expended and $359.47 for the time spent preparing and filing recent pleadings. This is a final and appealable order. This case is terminated. It is so ordered.

(11) [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | AUG 2 8 2002 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ☒ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | AUG 2 7 2002 | |
| | | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ANTHONY HARPER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Case No. 99 C 7393 | |
| v. | ) | | |
| | ) | District Judge | |
| LARRY MASSANARI, | ) | Wayne R. Andersen | |
| | ) | | |
| Defendant. | ) | | |

DOCKETED
AUG 2 8 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the plaintiff, Anthony Harper, for entry of a final judgment and for attorney's fees pursuant to the Equal Access to Justice Act. For the following reasons, the motion is granted.

### BACKGROUND

The plaintiff, Anthony Harper, applied for Disability Insurance Benefits with the Social Security Administration on June 20, 1996 and was found to be disabled and eligible for Social Security benefits. However, he was subsequently notified that his benefits would cease effective January 1, 1997. Following Harper's appeal of this determination, his claim was denied upon reconsideration on October 30, 1996. Harper then filed a timely request for hearing on November 4, 1996, after which, on February 26, 1998, Administrative Law Judge Richard Pearson issued a decision unfavorable to Harper. Upon Harper's appeal of the Administrative Law Judge's ruling, the Social Security Administration's Appeals Council determined there was no basis for reviewing the decision, and Harper subsequently filed a civil action in this Court

1

10

challenging the administrative ruling. On July 14, 2000, we remanded the case to the Social Security Commissioner, and, pursuant to our order, the Appeals Council remanded the case to the Administrative Law Judge for further proceedings. A hearing was held on March 14, 2001. Shortly thereafter, on March 30, 2001, Administrative Law Judge Bonny Barezky issued a decision favorable to Harper. In her ruling, she stated that Harper was entitled to Disability Insurance Benefits, pursuant to Section 216(i) and 223 of the Social Security Act, beginning January 1, 1997. On June 29, 2001, Harper filed this motion for entry of a final judgment and for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## DISCUSSION

The Equal Access to Justice Act ("EAJA") allows a prevailing party to collect "reasonable fees," including attorney's fees, in a suit filed against the United States. 28 U.S.C. § 2412(b). To establish that he is entitled to recover attorney's fees, the plaintiff must first show that he is a "prevailing party." 28 U.S.C. § 2412(d)(1)(a). Upon a showing that the plaintiff is a prevailing party under the EAJA, the Social Security Commissioner may avoid paying attorney's fees by demonstrating that the agency's position was substantially justified or that special circumstances make the award of attorney's fees unjust. *Id.*

The defendant, Social Security Commissioner Massanari, does not challenge the legitimacy of the actual service performed by Harper's attorney or that the attorney should be paid. In addition, based on the briefs submitted in this case, the defendant apparently concedes that the government's posture with respect to Harper's right to Social Security Benefits was "substantially unjustified." Nevertheless, the defendant argues that, provided Harper can submit Administrative Law Judge Barezky's favorable decision, the fee amount is too high because

Harper's attorney used fifteen (15) minute billing increments to record his time. Rather, the defendant asserts that Harper's attorney should have used one-tenth hour increments, as opposed to quarter hour intervals, to track his time. Consequently, Massanari argues that Harper's attorney's billing of 14 hours (56 entries at .25/entry) should be reduced to a total billing time of 5.6 hours (56 entries at .1/entry). This would reduce Harper's attorney's final award from $3,091.48 to $1,883.65, a difference of $1,207.84.

On the other hand, the plaintiff contends that the quarter hour increments were appropriate, and, based on his "prevailing party" status, his attorney should be entitled to recover the full amount of fees. Harper's "prevailing party" status was established on August 6, 2002 when his attorney presented Administrative Law Judge Barezky' March 2001 favorable decision to the defendant. Further, Harper asserts that his attorney's method of billing by 15 minute increments followed the billing recommendations suggested by the Social Security Commissioner in POMS § GN 03930.020 Section B(3). Similarly, the Social Security Commissioner has stated in the past that one-quarter hour increments are allowable if reasonable applied. *See Wonders v. Shalala*, 822 F. Supp. 1345, 1349 (E.D. Wis. 1993).

We agree with Harper that his attorney conducted an adequate investigation of the facts and he expended an appropriate amount of time and resources prosecuting this case. These efforts are accurately reflected in the time entries submitted by Harper's attorney. This evidence, combined with Harper's attorney's substantial experience dealing with similar Social Security claims, proves that his attorney's efforts in this case have been reasonable and, accordingly, should be compensated for as required by the EAJA

## CONCLUSION

Therefore, because we conclude that the time expenditures as reported are reasonable, this Court requires no further itemization. As such, we will grant Harper's motion for final judgment and attorney's fees in the amount of $3,450.95; $3,091.48 for the previous time expended and $359.47 for the time spent preparing and filing recent pleadings. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: August 23, 2002

4